Reg. ID No.: 82854-004
MVCC Unit # B-2
555 Geo Drive,
Philipsburg, Pa 16866

Date: January 11th, 2016


C/O: The Clerk Of The Court
     United States District Court
     of The   District of  New York
     Southern District of New York
     Judge: Honorable Pauley III

UNITED STATES DISTRICT COURT

| | |
|---|---|
| David Eduard Helmu Murcia Guzman<br>    Petitioner.<br>   v.<br>United States of America,<br>    Respondent. | DOCKET # S1 09 CR. 110 (WHP) |

<u>MOTION FOR TIME SERVED UNDER 18 U.S.C. 3585 (c) (2) and 3553(a)</u><br><u>REDUCE SENTENCE TO HOME DETENTION ELIGIBILITY DATE.</u>

    And now, comes David Murcia Guzman , (Hereinafter "Petitioner") within a pro-se capacity, through litigation, respectfully moves this Honorable Court in the interest of justice, pursuant to 18 U.S.C. (c)(2) and 3553(a):

Petitioner prays and requests that this Honorable Court construes this pleading liberally in the line of Haines v. Kerner 404 U.S. 519, 520- 521.92 S.CT. 594.30 LED.2d 652(1972). Holding that "pro-se litigants are to be of a lesser standard of review than that of Attorneys who are formally trained in the Law; the Pro-Se litigants are entitled to a liberal construction of their pleading."

STATEMENT OF FACTS OF CASE

The Petitioner was sentenced on an indictment in 1 Count(s) charging him with Conspiracy to Commit Money Laundering; 18:1956(H). At Sentencing, the Petitioner was sentenced to 108 Months of Imprisonment.

STATEMENT OF PURPOSE

Congress enacted 18 U.S.C. 3553 (a) in order to ensure that Judges impose sentences " sufficient but nor greater than necessary, to comply with the purpose"of imprisonment, such as deterrence, punishment and public safety. 18 U.S.C. (a), (a) (2). See Pepper v USA, 1315. ct 1229, 1242( 179 L. ED. 2d 196(2011). The factors include; The Nature and circumstances of the offense and the history and characteristics of the defendant, the purpose of sentencing: The kinds of sentences available; the sentences and ranges that are established by the sentencing commission; the need to avoid unwarranted sentencing disparities among similar situated defendants and the need to provide restitution to victims. Accordingly, the Supreme Court has consista-

the crime", and thus Honorable Judges should use "the fullest information possible concerning the defendant's life and characteristics" to determine the appropriate sentences. In Pepper and Gall, the Supreme Court made very clear that post sentencing or post offense rehabilitation particularly in light of its tendency to reveal a defendants likelihood of future criminal conduct, was a critical factor to consider in the imposition of a sentence, see Pepper. 131 S.CT at 1242-43 (citing 18 U.S.C. 3553 (a)(2)(b)(c); Gall, 552 U.S. at 59 (same). In Kimbrough v. U.S. 552 U.S. 85, 91, 128 S. CT 558 169 L. Ed. 2d. 481 (2007), the court also emphasized that unwarranted disparities between offenders and the concern that such disparitites would result in imposing sentences "greater than necessary" to achieve the objectives of sentencing, was an important factorfor the district court to consider.

## ISSUE PRESENTED FOR REVIEWE

In this present case, the petitioner respectfully request to this Honorable Court to please consider whether the factors make the case Unusual or Typical enough to take the case out of the Heartland. See Koon v U.S. 518 U.S. 81, 91, 116 S CT 2035, 135L Ed 392 (1996). The Supreme Court explained that the District Court enjoys broad discretion in deciding whether to depart under US Sentencing Guideline 5K 2.0 when the particular facts of the case are outside the "Heartland" of the guideline case; The petitioner is entitled to the Honorable Courts discretion to downward departure due to petitioner status as a "Deportable Alien".

The petitioner's status as a deportable alien makes him ineligible to receive the rewards that are normally given to all Federal U.S. Citizen Inmates. U.S. Citizen Inmate rewards are as follows:

1. Drug Programs:
It can reduce the sentences of Federal Inmates up to 12 Months credit of Good time at the completion of such program regardless of the offense if the inmate qualifies.

2. Community Correction Center:
Within 6 Months early release to half way house.

Petitioner would be eligible for this relief on: __May 8, 2017__, but due to his Deportable Alien Status, he is ineligible for this reward.

3. Second Chance Act:
Allows up to 12 Months of Home Confinement.

4. Rehabilitation Program:
College Classes and Other Certification Courses that are certified by U.S. Universities.

5. Pre-release Program:
Helping tools that prepare citizens upon release to get a job, social security benefits, Driver's License and other benefits to reintergrate into society.

The extraordinary harsh and disparible nature of this penalty was acknowledged by the Supreme Court in Jordan v De George, 341 US 223, 71 S. CT 703 95 L Ed. 886("We have said that deportation is equivalent to banishment or exile.") ("Because respondent is an alien, and because he has been convicted of a crime he is punished with a life sentence of banishment...") The 9th Circuit has suggested in dicta in U.S. v Charry Cubillos, 91 F. 3d 1342, 1345 (9th Cir '1996) that, whether or not the government consents, and whether or not the def.

ative deportation provides for a valid basis for a downward departure if the facts and circumstances of the stipulated deportation some how takes the case out of the "Heartland". See U.S. v. Rodriguez-Lopez, 198 F. 3d 773, 777 n.4(9th Circuit 1999).

For the above mentioned reasons, the Petitioner moves for a timely decision for time served or a multiple thereof sentence reduction.

Sincerely,

_____, Petitioner.
David Murcia Guzman
Signed on January 11, 2016

```
 MVCAI   540*23  *        SENTENCE MONITORING          *      01-07-2016
PAGE 001           *        COMPUTATION DATA              *      10:57:27
                           AS OF 01-07-2016


REGNO..: 82854-004 NAME: MURCIA GUZMAN, DAVID EDUARD HELMUT


FBI NO...........: 731833FD7         DATE OF BIRTH: 07-29-1980   AGE:  35
ARS1.............: MVC/A-DES
UNIT.............: UNIT B            QUARTERS.....: B02-011U
DETAINERS........: YES               NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 05-08-2017

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-08-2017 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: S1 09 CR. 110 (WHP)
JUDGE...........................: PAULEY III
DATE SENTENCED/PROBATION IMPOSED: 07-08-2011
DATE COMMITTED..................: 09-16-2011
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:   $100.00        $00.00          $00.00         $00.00

RESTITUTION...:  PROPERTY:  YES  SERVICES:  NO       AMOUNT: $00.00

  REMARKS.......: FULL NAME: DAVID EDUARDO HELMUT MURCIA GUZMAN

--------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  548
OFF/CHG: 18:1956(H) CONSPIRACY TO COMMIT MONEY LAUNDERING

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    108 MONTHS
  TERM OF SUPERVISION............:      3 YEARS
  CLASS OF OFFENSE...............: CLASS C FELONY
  DATE OF OFFENSE................: 11-30-2008




G0002        MORE PAGES TO FOLLOW . . .
```

```
 MVCAI   540*23  *         SENTENCE MONITORING         *     01-07-2016
 PAGE 002         *         COMPUTATION DATA           *     10:57:27
                            AS OF 01-07-2016

REGNO..: 82854-004 NAME: MURCIA GUZMAN, DAVID EDUARD HELMUT



------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-23-2011 AT MVC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-08-2011
TOTAL TERM IN EFFECT............:    108 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      9 YEARS
EARLIEST DATE OF OFFENSE........: 11-30-2008

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                       01-05-2010     07-07-2011

TOTAL PRIOR CREDIT TIME.........: 549
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 423
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 11-08-2017
EXPIRATION FULL TERM DATE.......: 01-05-2019
TIME SERVED.....................:      6 YEARS        2 DAYS
PERCENTAGE OF FULL TERM SERVED..:   66.7

PROJECTED SATISFACTION DATE.....: 11-08-2017
PROJECTED SATISFACTION METHOD...: GCT REL




G0002        MORE PAGES TO FOLLOW . . .
```

```
   MVCAI   540*23  *           SENTENCE MONITORING          *      01-07-2016
PAGE 003 OF 003  *             COMPUTATION DATA             *       10:57:27
                               AS OF 01-07-2016

REGNO..: 82854-004 NAME: MURCIA GUZMAN, DAVID EDUARD HELMUT


----------------------------- CURRENT DETAINERS: ------------------------------

DETAINER NO..: 001
DATE LODGED..: 01-05-2010
AGENCY.......: IMMIGRATION & NATURALIZATION
CHARGES......: POSS DEPORT COLOMBIA
               RE-LODGED FOR WHITE DEER, 09-23-2011




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

From:
David Eduardo Murcia Guzman
Reg. No. 82854-004
MVCC Unit # B-2
555 Geo Drive
Philipsburg, PA 16866

USMP3 SDNY

JOHNSTOWN PA 159
17 FEB 2016 PM 2 T

To:
CLERK
United States District Court
Southern District of New York
U.S. Courthouse – 500 Pearl Street
New York, NY 10007